*Law Offices Of*
Roger E. Naghash
Bar Number: 181740
One Newport Place
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone:      (949) 955-1000
Facsimile:      (949) 852-9511

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

15 JUL -6 PH 2: 34

OFFICE OF THE CLERK

Attorneys for: Plaintiffs, DEWAYNE KEITH LONG, JR. and
HOLLY L. LONG

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEWAYNE KEITH LONG, JR., HOLLY L. LONG,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DEWAYNE KEITH LONG, SR., and DOES 1 Through 100, Inclusive,**<br><br>Defendants. | CASE NO.: 8:15CV243<br><br>**COMPLAINT FOR:**<br><br>1. **Declaratory relief;**<br>2. **Preliminary and Permanent Injunctions;**<br>3. **Conversion;**<br>4. **Fraud, Misrepresentation, and Concealment;**<br>5. **International and Negligent Interference with Economic Advantage;**<br>6. **Violation of Fair Credit Reporting Act (FCRA);**<br>7. **Violation of California Identity Theft and Privacy Rights Statutes**<br><br>Assigned Judge:<br><br>Complaint Filed on |

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1       **COMPLAINT**

2

3       Plaintiffs, DEWAYNE KEITH LONG, JR. ("**Plaintiff. DL**"), and HOLLY L. LONG,

4  ("**Holly**"), husband and wife, (hereinafter collectively referred to as "**Plaintiffs**") appearing through

5  their undersigned counsel, for their Complaint against Defendant, DEWAYNE KEITH LONG,

6  SR.("**Defendant, Senior**"),allege the following:

7

8       **NATURE OF ACTION**

9       1.      This is an action for conversion, intentional interference with existing and

10  prospective economic advantage, fraud, misrepresentation, invasion of right of privacy, invasion of

11  right of privacy, false light, breach of fiduciary duty, identity theft, preliminary and permanent

12  injunctions, and a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28

13  U.S.C. §2201, *et seq.*, to resolve an actual case or controversy that has arisen between Plaintiff and

14  Defendant, Senior.  Defendant, Senior has assumed complete Plaintiff, DL's personal identity and

15  has been using Plaintiff, DL's name and social security to fraudulently obtain credit, file fraudulent

16  bankruptcy petitions, entered into fraudulent agreements and defaulting on his obligations, causing

17  false and incarnate credit reports to be reported against Plaintiff, presenting Plaintiff in a false light,

18  causing judgments to be entered against Plaintiff, without his knowledge and consent.  Defendant,

19  Senior has been maintaining business relationship with others under assumed identify that belongs

20  to Plaintiff, without Plaintiff, DL's knowledge and consent.  As Plaintiff, DL's biological father,

21  Defendant, Senior was entrusted with Plaintiff, DL's private and personal information such as social

22  security, address, age, employment information, banking information, residency information and

23  others. Defendant, Senior was never authorized to use any part of Plaintiff, DL's information or to

24  assume Plaintiff, DL's identity.  Defendant, Senior committed fraud by using Plaintiff, DL's

25  identifying information, such as date of birth, social security number, credit account numbers.

26  Defendant, Senior obtained credit in Plaintiff, DL's name, obtained consumer loans, bank loans,

27  filed bankruptcies, obtained utility services, furniture loans, cell phone services, or similar illegal

28  conducts, in the "true name" and identity of Plaintiff.  Defendant, Senior has been representing

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1   himself as Plaintiff and using Plaintiff, DL's personal identifying information to defraud creditors

2   and obtained unlawful loans and credit. Defendant, Senior misappropriated and converted Plaintiff,

3   DL's personal and private information for his own personal use and enjoyment and to the

4   determinant of Plaintiff.  Plaintiff was unaware of Defendant, Senior's unlawful identify theft and

5   its associated unlawful activities that have been committed by Defendant, Senior until recently.

6   Defendant, Senior has wrongfully misappropriated and used identity of Plaintiff, to defraud the

7   general public and misappropriate large sums of money from unsuspecting creditors, filing

8   fraudulent bankruptcies under the assumed identity of Plaintiff. Defendant, Senior is also engaged

9   in conversion, intentional interference with existing and prospective economic advantage, fraud,

10   misrepresentation, invasion of right of privacy, invasion of right of privacy, false light, breach of

11   fiduciary duty, identity theft, which would permit preliminary and permanent injunctions, and a

12   declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*,

13   issue and preventing Defendant, Senior from ever assuming, manipulating Plaintiff, DL's identity,

14   using, pretending to be, or ever presenting himself as Plaintiff, in any form or way whatsoever.

15   Plaintiff, DL and Holly are married and all credit information are reported and published jointly and

16   severely.

17

18

19                                    **THE PARTIES**

20       1.       Plaintiff, Dwayne Keith Long, Jr., (**"Plaintiff, DL"**) is an individual who resides in

21   Orange County, California.

22       2.       Plaintiff, Holly L. Long (**"Holly"**) is an individual who resides in Orange County,

23   California.

24       3.       Plaintiff, DL and Holly are husband and wife (hereinafter collectively they are

25   referred to as (**"Plaintiffs"**).

26       4.       Plaintiff is informed, believes, and on that basis alleges that Defendant, Dwayne

27   Keith Long, Sr., (**"Defendant, Senior"**) resides at 4726 North 167 Ave., Omaha, Nebraska 68116.

28   At the present time, Defendant, Senior is incarcerated at Federal Correctional Center, moving to

Law Offices Of Roger E. Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1   various Federal Correctional Centers. However, Defendant, Senior is a permeant resident and
2   domiciled in Omaha, Nebraska.

3        5.     Plaintiff does not know the true names and capacities whether corporate, partnership,
4   agent, servant, employee, partner, joint venturer, surety, associate, individual or otherwise of
5   Defendants sued herein as DOES 1 through 100, Inclusive. Plaintiff is informed, believes, and on
6   that basis alleges that Defendants DOES 1 through 100, Inclusive, are in some manner responsible
7   for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff
8   will seek leave to amend this Complaint to set forth the true names and capacities of said fictitiously
9   named defendants together with appropriate charging allegations when ascertained.

10

11

12                                     **JURISDICTION AND VENUE**

13

14        6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §2201 *et seq.*, which
15   authorizes the Court to declare the rights, identifying personal information, and other legal relations
16   between interested parties; 28 U.S.C. §1338, which provides for subject matter jurisdiction for
17   claims arising under the United States Federal Credit Reporting Act, 15 U.S.C. §1681 *et seq.*; 28
18   U.S.C. §1331, which provides for subject matter jurisdiction in cases that raise federal questions; 28
19   U.S.C. §1332, which provides for subject matter jurisdiction in cases where there is diversity of
20   citizenship between the parties and the amount in controversy exceeds the sum or value $75,000.00,
21   exclusive of interest and costs. In addition, this Court has supplemental jurisdiction pursuant to 28
22   U.S.C. §1367(a) over all claims set forth herein that do not arise under federal law since those
23   claims are related claims within the meaning of this section and are therefore within the Court's
24   original jurisdiction.

25        7.     Plaintiff, Holly's claims are transactionally related to Plaintiff, DL's claims. The
26   court has supplemental jurisdiction over all Plaintiffs with transactionally-related claims. There is
27   complete diversity between all Plaintiffs and all defendants, and are citizens of different States
28   within the meaning of 28 U.S.C. §1332. The amount in controversy exceeds the sum or value of

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1 $75,000, exclusive of interest and costs.

2     8.    A substantial part of the events giving rise to the claims asserted herein occurred

3 within this District. A substantial part of the property that is the subject of this action is situated in

4 this District. Thus, venue is proper in this District pursuant to 28 U.S.C. §1391(b).

5     9.    This Court has personal jurisdiction over Defendants, Senior, and DOES 1 through

6 20 others, because he has had minimum contacts with this forum and has purposefully availed

7 himself of the laws and benefits of the forum, such that the exercise of jurisdiction over Defendants,

8 Senior, and DOES 1 through 20, does not offend traditional notions of fair play and substantial

9 justice.

10

11

12 **PRIOR CIVIL ACTION**

13

14     10.    On May 16, 2014, following discovery of Defendant, Senior's wrongful conducts,

15 Plaintiffs, prepared and filed a civil action against Defendant, Senior with the United States District

16 Court, Central District of California, Case Number 8:14-cv-00758 CJC (JCGx), (hereinafter

17 referred to as '**Prior Civil Action**").

18     11.    Defendant, Senior, promptly appeared in the Prior Civil Action, and engaged in

19 filing motions, discoveries, and defense of the Prior Civil Action.

20     12.    In or about May of 2015, Defendant, Senior filed his motion to dismiss the Prior

21 Civil Action for lack of personal jurisdiction.

22     13.    On June 10, 2015, the court granted Defendant, Senior's motion and dismissed

23 Plaintiffs' Motion for Summary Judgment without prejudice.

24

25

26 **CRIMINAL ACTION**

27

28     14.    Defendant, Senior has been the subject of two (2) separate indictments, for various

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

Law Offices Of Roger E. Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1 | criminal activities, which included but not limited to defrauding International Revenue Service

2 | ("**IRS**") and obtaining $440,924.00 by means of filing false and fraudulent income taxes using other

3 | individuals' identities. The criminal charges against Defendant, Senior were filed with the United

4 | States District Court, District of Nebraska, Case Number 8:13-CR-347-002 (hereinafter referred to

5 | as "**Criminal Action**").

6 |     15.   On January 9, 2015, Defendant, Senior was convicted of Conspiracy to defraud

7 | Government, and the court imposed confinement of twelve months and one day, and ordered .

8 | Defendant, Senior to pay $100.00 plus, restitution of $920,954.00, plus $440.924.00 in restitution

9 | payable to IRS.

10 |     16.   During the entire process of both indictments Defendant, Senior used a wrong name

11 | that is commonly associated with Plaintiff, DL. All records in the Criminal Action use the name

12 | "Dewayne Keith Long," instead of "Dewayne Keith Long, Sr." A true and correct copy of the

13 | Judgment in the Criminal Case is attached as Exhibit A.

14 |     17.   Defendant, Senior purposefully used a name to expressly and impliedly attribute

15 | criminal records, confinement, restitutions, penalties and all fees due and payable to Plaintiff, DL.

16 |     18.   There has NEVER been any allegations of any wrongdoing (Criminal or Civil)

17 | against Plaintiff, DL, except for the judgments, liabilities, and wrongful conducts of Defendant,

18 | Senior using Plaintiff, DL's identity.

19 |

20 |

21 | **FACTUAL BACKGROUND**

22 |

23 |     19.   Plaintiff, DL is biological son of Defendant, Senior.

24 |     20.   Plaintiff, DL and Defendant, Senior share similar names, except for Plaintiff, DL is

25 | identified as "Junior," by writing "JR." at the end of his name, ("Dewayne Keith Long, Jr.").

26 |     21.   Defendant, Senior's name has always been identified by writing "SR." at the end of

27 | his name, ("Dewayne Keith Long, Sr.").

28 |     22.   In or about August of 2013, Plaintiffs and their family began inquiring into

1   purchasing a home in Orange County, California. In effort to determine, their loan qualification,

2   Plaintiffs inquired into various home loan programs and their requirements for qualifications for

3   credit to obtain a home loan. Upon further investigation, Plaintiffs became aware that there

4   derogatory credit information, bankruptcies filings, judgments, liens and other severe adverse credit

5   information reported to credit reporting agencies against Plaintiffs.

6       23.     Initially, Plaintiffs believed that there was a mistake in processing the credit

7   information using incorrect social security numbers for Plaintiffs.

8       24.     Upon further investigation, it became evident that Defendant, Senior was using

9   Plaintiff, DL's identifying information, such as date of birth, social security number, credit account

10  numbers. Defendant, Senior obtained credit in Plaintiff, DL's name, obtained consumer loans, bank

11  loans, filed bankruptcies, obtained utility services, furniture loans, cell phone services, or similar

12  illegal conducts, in the "true name" and identity of Plaintiff. Defendant, Senior has been

13  representing himself as Plaintiff and using Plaintiff, DL's personal identifying information to

14  defraud creditors and obtained unlawful loans and credit. Defendant, Senior misappropriated and

15  converted Plaintiff, DL's personal and private information for his own personal use and enjoyment

16  and to the determinant of Plaintiff. Plaintiff was unaware of Defendant, Senior's unlawful identify

17  theft and its associated unlawful activities that have been committed by Defendant, Senior until

18  recently. Defendant, Senior has wrongfully misappropriated and used identity of Plaintiff, to

19  defraud the general public and misappropriate large sums of money from unsuspecting creditors,

20  filing fraudulent bankruptcies under the assumed identity of Plaintiff.

21      25.     Plaintiffs' investigation further revealed that Defendant, Senior had filed two (2)

22  bankruptcies, using Plaintiff, DL's identifying information. As of the date of this pleading, neither

23  Plaintiffs has ever filed any petition for relief under the United States Bankruptcy Code.

24      26.     Plaintiffs further discovered that Defendant, Senior has obtained consumer loans

25  under "true name" and identifying information (birthdate, employment social security number, bank

26  information, etc.) to secure many consumer loans, credit cards, furniture loans, other personal loans

27  and defaulted on every credit account that Defendant, Senior obtained in "true name" and identity

28  of Plaintiff, DL. As of present, many creditors have filed legal action against Plaintiff, DL,

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

however, they served Defendant, Senior with the service of process.  Plaintiffs were never aware that any legal action was ever pending against them.  In virtually all cases, creditors have obtained judgments against Plaintiff, DL.  A partial list of creditors that have obtained judgments against Plaintiff, DL and reported against Plaintiffs' credit information is as follows:

| Creditors (Claimants) | Type | Amount of Judgment/Lien |
| --- | --- | --- |
| 1- HBL, Inc. | Loan | $35,000.00 Approximately |
| 2- Discover Bank | Credit Card | $ 8,520.00 |
| 3- Nebraska Furniture Mart, Inc. (1st Loan) | Furniture Loan | $14,356.00 |
| 4- Citifinancial, Inc., M.D. | Loan | $13,350.00 |
| 5- American General Financial Svcs | Unknown | $12,707.00 |
| 6- Nebraska Furniture Mart, Inc. (2nd Loan) | Furniture Loan | $11,780.00 |
| 7- There are more judgments that have yet to be authenticated. | | |

27.    Plaintiffs have had NO dealings with any of the aforementioned creditors and/or have never obtained any credit account from any of the aforementioned creditors.

28.    Based on all derogatory and negative credit information reported against Plaintiffs' credit, Plaintiffs would NOT qualified for low interest rate financing to purchase their home.  The increase in the mortgage rate is in excess of $500,000 over the life of the loan, which has become prohibitive for Plaintiffs to purchase a home.

## HISTORY OF PARTIES

Law Offices Of Roger E. Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1

2      29.    Plaintiff, DL and Holly are married and reside in Orange County, California.

3      30.    Defendant, Senior is biological further of Plaintiff, DL.  As a close family member,

4   Defendant, Senior was entrusted with Plaintiff, DL's identifying information, such as social security

5   number, former addresses, date of birth, employment, banking information, and others.

6      31.    Defendant, Senior has been using other living and dead people's identities to obtain

7   credit, file bankruptcies, conduct business, and engage in unlawful and fraudulent activities.

8

9

10                     **COUNT I – DECLARATORY JUDGMENT**

11                     **As to Defendants, Senior, and DOES 1-20**

12

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

13     32.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth

14   in paragraphs 1 through 22 inclusive, as though fully set forth herein.

15     33.    Despite lacking any basis in fact or law for using Plaintiff, DL's identity to obtain

16   loans, conduct business, file fraudulent bankruptcies, obtained utility and other services.

17     34.    Defendant, Senior committed fraud by using Plaintiff, DL's identifying information,

18   such as date of birth, social security number, credit account numbers. Defendant, Senior obtained

19   credit in Plaintiff, DL's name, obtained consumer loans, bank loans, filed bankruptcies, obtained

20   utility services, furniture loans, cell phone services, or similar illegal conducts, in the "true name"

21   and identity of Plaintiff.  Defendant, Senior has been representing himself as Plaintiff and using

22   Plaintiff, DL's personal identifying information to defraud creditors and obtained unlawful loans

23   and credit. Defendant, Senior misappropriated and converted Plaintiff, DL's personal and private

24   information for his own personal use and enjoyment and to the determinant of Plaintiff.

25     35.    Plaintiff, Identity and personal information are protected rights that are further

26   protected by right of privacy.

27     36.    Defendant, Senior has used Plaintiff, Dl's "true name" and identifying information

28   obtain fraudulent credit, filed bankruptcies,, obtained utilities and other services, and conduct

business as if Defendant, Senior was Plaintiff, DL and that false and erroneous information are reported and published by and to creditors, credit agencies and general public and published as Plaintiffs' obligations, filings, presenting Plaintiffs in a false light.

37.     Defendant, Senior's fraudulent conducts, as set forth herein, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38.     Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their private lives, that makes them in need of a declaration that Defendant, Senior is NO manner authorized to use in any way whatsoever, Plaintiff, DL's "true name," his identifying information, social security number, employment, driver license number, former addresses, and/or any information of any kind or type whatsoever, related to Plaintiff, DL.

39.     Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their private lives, that makes them in need of a declaration that all financial obligations of any kind or type that Defendant, Senior has ever incurred in the "true name," and identity of Plaintiff, DL, belong to Defendant, Senior and Plaintiffs are NOT responsible for any portion of any obligations that Defendant, Senior has incurred, as set forth herein and the creditors and credit reporting agencies, must accurately report the obligations and/or adverse credit information under Defendant, Senior's name only.

40.     Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their private lives, that makes them in need of a declaration that any and all bankruptcy filings that were ever filed by Defendant, Senior using "true name," and identity of Plaintiff, DL, belong to Defendant, Senior and Plaintiffs are NOT responsible for any bankruptcy filing and clerks of the bankruptcy courts should correct the records to reflect true identity of Defendant, Senior and remove Plaintiff, DL's "true name" and identifying information, as well as ordering all credits and credit reporting agencies to remove any and all bankruptcy filings that have been reported and

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1   published against Plaintiffs.

2       41.    The criminal judgment entered on January 9, 2015, and signed on January 14, 2015,

3   is against Defendant, Dewayne Keith Long, Sr., and that any and all confinements, restitutions, fees,

4   penalties due and payable under the criminal judgment is/are due and payable and obligations of

5   Defendant, Dewayne Keith Long, Sr., that any and all records reflecting the name Dewayne Keith

6   Long, in the Criminal Action, be corrected to reflect Defendant, Dewayne Keith Long, Sr., and his

7   true name.

8       42.    Defendant, Senior has reported and represented to various reporting agencies that the

9   name "Dewayne Keith Long, Sr." as a deceased person. There should be a declaratory relief,

10   declaring, "Dewayne Keith Long, Sr." as alive and Defendant, Senior be required to use his true

11   name of "Dewayne Keith Long, Sr." for the remainder of his actual life.

12       43.    Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set

13   forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their

14   private lives, that makes them in need of a declaration that any and all bankruptcy filings that were

15   ever filed by Defendant, Senior using "true name," and identity of Plaintiff, DL, belong to

16   Defendant, Senior and Plaintiffs are NOT responsible for any bankruptcy filing and clerks of the

17   bankruptcy courts should correct the records to reflect true identity of Defendant, Senior and

18   remove Plaintiff, DL's "true name" and identifying information, as well as ordering all credits and

19   credit reporting agencies to remove any and all bankruptcy filings that have been reported and

20   published against Plaintiffs.

21       44.    In addition, a declaration that Plaintiff, Dl has NO obligation to pay any of the

22   demand, invoices and/or request for payments from any creditors who had extended credit and/or

23   provided goods and services to Defendant, Senior, under the "true name" and identity of Plaintiff,

24   DL.

25       45.    In addition, a declaration that Defendant, Senior has violated Plaintiff's inalienable

26   privacy rights, rights to their identifying information, personal and property rights granted under the

27   United States and California Constitutions.

28

1

2 ## COUNT II – PRELIMINARY AND PERMANENT INJUNCTIONS

3 ### As to Defendants, Senior, and DOES 1-20

4

5    46.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth

6 in paragraphs 1 through 33 inclusive, as though fully set forth herein.

7    47.    Despite lacking any basis in fact or law for using Plaintiff, DL's identity to obtain

8 loans, conduct business, file fraudulent bankruptcies, obtained utility and other services.

9    48.    Defendant, Senior committed fraud by using Plaintiff, DL's identifying information,

10 such as date of birth, social security number, credit account numbers. Defendant, Senior obtained

11 credit in Plaintiff, DL's name, obtained consumer loans, bank loans, filed bankruptcies, obtained

12 utility services, furniture loans, cell phone services, or similar illegal conducts, in the "true name"

13 and identity of Plaintiff.  Defendant, Senior has been representing himself as Plaintiff and using

14 Plaintiff, DL's personal identifying information to defraud creditors and obtained unlawful loans

15 and credit. Defendant, Senior misappropriated and converted Plaintiff, DL's personal and private

16 information for his own personal use and enjoyment and to the determinant of Plaintiff.

17    49.    Plaintiff, Identity and personal information are protected rights that are further

18 protected by right of privacy.

19    50.    Defendant, Senior has used Plaintiff, Dl's "true name" and identifying information

20 obtain fraudulent credit, filed bankruptcies,, obtained utilities and other services, and conduct

21 business as if Defendant, Senior was Plaintiff, DL and that false and erroneous information are

22 reported and published by and to creditors, credit agencies and general public and published as

23 Plaintiffs' obligations, filings, presenting Plaintiffs in a false light.

24    51.    Defendant, Senior's fraudulent conducts, as set forth herein, show that there is a

25 substantial controversy between parties having adverse legal interests, of sufficient immediacy and

26 reality to warrant the issuance of a declaratory judgment, Preliminary and Permanent injunctions.

27    52.    Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set

28 forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1  private lives, that makes them in need of a declaration that Defendant, Senior is NO manner

2  authorized to use in any way whatsoever, Plaintiff, DL's "true name," his identifying information,

3  social security number, employment, driver license number, former addresses, and/or any

4  information of any kind or type whatsoever, related to Plaintiff, DL  Preliminary and Permanent

5  Injunctions should issue to enjoin Defendant, Senior, creditors, credit agencies, and others from

6  reporting, publishing, declaring, and/or disseminating any information relating any of Defendant,

7  Senior's conducts to Plaintiffs.

8         53.    Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set

9  forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their

10  private lives, that makes them in need of a declaration that all financial obligations of any kind or

11  type that Defendant, Senior has ever incurred in the "true name," and identity of Plaintiff, DL,

12  belong to Defendant, Senior and Plaintiffs are NOT responsible for any portion of any obligations

13  that Defendant, Senior has incurred, as set forth herein and the creditors and credit reporting

14  agencies, must accurately report the obligations and/or adverse credit information under Defendant,

15  Senior's name only.   Preliminary and Permanent Injunctions should issue to enjoin Defendant,

16  Senior, creditors, credit agencies, and others from reporting, publishing, declaring, and/or

17  disseminating any and all information relating to "true name" and identity of Plaintiff, DL relating

18  to Defendant, Senior's conducts.

19         54.    Defendant, Senior's fraudulent conducts and identity theft of Plaintiff, DL, as set

20  forth herein, have caused harm to and a cloud of uncertainty over Plaintiffs, their businesses, their

21  private lives, that makes them in need of a declaration that any and all bankruptcy filings that were

22  ever filed by Defendant, Senior using "true name," and identity of Plaintiff, DL, belong to

23  Defendant, Senior and Plaintiffs are NOT responsible for any bankruptcy filing and clerks of the

24  bankruptcy courts should correct the records to reflect true identity of Defendant, Senior and

25  remove Plaintiff, DL's  "true name" and identifying information, as well as ordering all credits and

26  credit reporting agencies to remove any and all bankruptcy filings that have been reported and

27  published against Plaintiffs.  Preliminary and Permanent Injunctions should issue to enjoin

28  Defendant, Senior, creditors, credit agencies, and others from reporting, publishing, declaring,

Law Offices Of Roger E. Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1  and/or disseminating any information relating any of bankruptcy filing by Defendant, Senior.

2      55.    In addition, a declaration that Plaintiff, Dl has NO obligation to pay any of the

3  demand, invoices and/or request for payments from any creditors who had extended credit and/or

4  provided goods and services to Defendant, Senior, under the "true name" and identity of Plaintiff,

5  DL. Preliminary and Permanent Injunctions should issue to enjoin Defendant, Senior, creditors,

6  credit agencies, and others from ever granting or extending credit to Defendant, Senior, using "true

7  name" and identity of Plaintiff DL.

8      56.    In addition, a declaration that Defendant, Senior has violated Plaintiff's inalienable

9  privacy rights, rights to their identifying information, personal and property rights granted under the

10  United States and California Constitutions. Preliminary and Permanent Injunctions should issue to

11  enjoin Defendant, Senior, creditors, credit agencies, and others from collecting any money that may

12  be due from Defendant, Senior, using "true name" and identity of Plaintiff, DL.

13

14

15  ## COUNT III – CONVERSION

16  ### As to Defendant, Senior

17

18      57.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth

19  in paragraphs 1 through 44 inclusive, as though fully set forth herein.

20      58.    By virtue of Defendant, Senior's unauthorized use of "true name" and identity of

21  Plaintiff, DL as set forth herein, Defendant, Senior is depriving Plaintiffs of their rightful possession

22  and use of their personal properties and identify that belongs to Plaintiffs.

23      59.    Due to the foregoing, Hammond is also depriving Plaintiffs of their rightful

24  possession use of credit, use of electronic data that belongs to Plaintiffs, said data having been

25  entrusted to Defendant, Senior as Plaintiff, DL's biological father.

26      60.    Defendant, Senior does not have the consent of Plaintiffs to use Plaintiff, DL"s credit

27  and/or electronic data to possess and use the "true name" and personal identifying information of

28  Plaintiff, DL.

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1  61.  Defendant, Senior has no colorable basis for claiming ownership or any other

2  possessory interest or right in the "true name," personal identifying information of Plaintiff, DL,

3  and electronic data that belong to Plaintiff, DL

4  62.  Defendant, Senior's use of "true name," identifying information, and electronic data

5  that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name" and identifying

6  information, and electronic data that belong to Plaintiff, DL is without privilege or justification and

7  is harming existing and prospective economic advantage, and preventing Plaintiffs from obtaining

8  credit, purchasing a home, conducting business and others, and Defendant, Senior is exercising

9  wrongful possession, custody and control over all such property.

10  63.  Defendant, Senior's refusal to use of "true name," identifying information, and

11  electronic data that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name"

12  and identifying information, and electronic data that belong to Plaintiff, DL is without privilege or

13  justification, causing damages and immediate, irreparable harm to Plaintiffs.

14  64.  Defendant, Senior's refusal to use of "true name," identifying information, and

15  electronic data that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name"

16  and identifying information, and electronic data that belong to Plaintiff, DL is without privilege or

17  justification, is unique and irreplaceable.. The value of such data is incalculable with precision,

18  making a monetary award to Plaintiffs for such conversion insufficient by itself to remedy

19  Defendant, Senior's tortious conduct, requiring preliminary and permanent injunctions.

20

21

22  **COUNT IV – FRAUD, MISREPRESENTATION, AND CONCEALMENT**

23  **As to Defendant, Senior**

24

25  65.  Plaintiffs hereby incorporate by reference herein each and every allegation set forth

26  in paragraphs 1 through 52 inclusive, as though fully set forth herein.

27  66.  Defendant, Senior owed a duty to Plaintiff, DL, to refrain from using "true name"

28  and identifying information of Plaintiff, DL and present himself to the general public as Plaintiff,

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1   DL.

2      67.    Defendant, Senior concealed the use of "true name" and identifying informant of

3   Plaintiff, DL, to file bankruptcy, obtain credit, obtain loan, obtain furniture loans, conduct business.

4      68.    Plaintiffs were ignorant of Defendant, Senior's use of "true name" and identifying

5   information of Plaintiff, DL, to file bankruptcy, obtain credit, obtain loan, obtain furniture loans,

6   conduct business.

7      69.    Defendant, Senior actively concealed the use of "true name" and identifying

8   informant of Plaintiff, DL, to file bankruptcy, obtain credit, obtain loan, obtain furniture loans,

9   conduct business, to prevent Plaintiffs from discovery the fraudulent use of Plaintiff, DL's "true

10   name" and his identifying information.

11      70.    In or about August of 2013, for the first Plaintiffs discovered that Defendant, Senior

12   was using Plaintiff's "true name" and all his identifying information without Plaintiffs' knowledge,

13   consent, and/or authorization.

14      71.    As a result, immediate court's intervention and issuance of a restraining order,

15   Preliminary and Permanent injunctions are necessary to preserve and protect in further damage to

16   Plaintiff, DL's "true name" and his personal identification and to prevent further fraud on the

17   general public by Defendant, Senior, which will cause irreplaceable injuries to Plaintiffs, creditors,

18   claimants, and the general public.

19      72.    As the direct and approximate cause of Defendant, Senior's actions and omissions,

20   Plaintiffs have sustained damages in excess of $500,000 or according to proof at trial.

21      73.    At all times mentioned herein, the wrongful acts, conduct and omissions of the

22   Defendant, was willful, wanton, malicious, oppressive, and fraudulent and were done with the intent

23   and design to injure Plaintiffs.  Plaintiffs therefore, is entitled to punitive and exemplary damages

24   against Defendant in an amount subject to proof at time of trial and sufficient to punish and make an

25   example of Defendant pursuant to California Civil Code Section 3294.

26

27

28

# COUNT V – INTENTIONAL AND NEGLIGENCE INTERFERENCE WITH ECONOMIC ADVANTAGE

## As to Defendants, Senior, and DOES 1-20

74.     Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 61 inclusive, as though fully set forth herein.

75.     By virtue of Defendant, Senior's unauthorized use of "true name" and identity of Plaintiff, DL as set forth herein, Defendant, Senior is depriving Plaintiffs of their rightful possession and use of their personal properties and identify that belongs to Plaintiffs.

76.     Due to the foregoing, Hammond is also depriving Plaintiffs of their rightful possession use of credit, use of electronic data that belongs to Plaintiffs, said data having been entrusted to Defendant, Senior as Plaintiff, DL's biological father.

77.     Defendant, Senior does not have the consent of Plaintiffs to use Plaintiff, DL''s credit and/or electronic data to possess and use the "true name" and personal identifying information of Plaintiff, DL.

78.     Defendant, Senior has no colorable basis for claiming ownership or any other possessory interest or right in the "true name," personal identifying information of Plaintiff, DL, and electronic data that belong to Plaintiff, DL

79.     Defendant, Senior's use of "true name," identifying information, and electronic data that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name" and identifying information, and electronic data that belong to Plaintiff, DL is without privilege or justification and is harming existing and prospective economic advantage, and preventing Plaintiffs from obtaining credit, purchasing a home, conducting business and others, and Defendant, Senior is exercising wrongful possession, custody and control over all such property.

80.     Defendant, Senior's refusal to use of "true name," identifying information, and electronic data that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name" and identifying information, and electronic data that belong to Plaintiff, DL is without privilege or justification, causing damages and immediate, irreparable harm to Plaintiffs.

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1    81.    Defendant, Senior's refusal to use of "true name," identifying information, and

2    electronic data that belong to Plaintiff, DL, and his refusal to cease of desist the use of "true name"

3    and identifying information, and electronic data that belong to Plaintiff, DL is without privilege or

4    justification, is unique and irreplaceable.. The value of such data is incalculable with precision,

5    making a monetary award to Plaintiffs for such conversion insufficient by itself to remedy

6    Defendant, Senior's tortious conduct, requiring preliminary and permanent injunctions.

7

8

9    **COUNT VI – VIOLATION OF FAIR CREDIT REPORTING ACT ("FCRA") 15 USC §**

10   **1681, et. sq.**

11   **As to Defendants, Senior, and DOES 1-20**

12

13   82.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth

14   in paragraphs 1 through 69 inclusive, as though fully set forth herein.

15   83.    Plaintiffs are "consumers" as defined by 15 USC § 1681a(c).

16   84.    Defendants, DOES 1-20, are "Consumer Reporting Agencies" as defined by 15 USC

17   § 1681a(d)(2)(f).

18   85.    Defendant, Senior has engaged in "Identity Theft" of Plaintiff, DL's "true name" and

19   personal identifying information as defined by 15 USC § 1681a(q)(3).

20   86.    Plaintiffs have informed Defendants, alerted defendants and demanded defendants to

21   cease and desist the use of Plaintiff, DL's "true name" and personal identifying information, to

22   generate, negative and derogatory credit report.

23   87.    Plaintiffs have complied with the requirements of Federal Credit Reporting Act, and

24   demanded Defendants, to refrain from using and reporting Plaintiff, DL's "true name" and personal

25   identifying information as information attributed to Defendant, Senior and cease and desist

26   reporting, publishing, and disseminating the false and fraudulent negative credit information.

27   Defendants and each of them has refused and continues to refuse to so act.

28   88.    As a result, immediate court's intervention and issuance of a restraining order,

Law Offices Of Roger. E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1   Preliminary and Permanent injunctions are necessary to preserve and protect in further damage to

2   Plaintiff, DL's "true name" and his personal identification and to prevent further fraud on the

3   general public by Defendant, Senior, which will cause irreplaceable injuries to Plaintiffs, creditors,

4   claimants, and the general public.

5        89.    As the direct and approximate cause of Defendant, Senior's actions and omissions,

6   Plaintiffs have sustained damages in excess of $500,000 or according to proof at trial.

7        90.    At all times mentioned herein, the wrongful acts, conduct and omissions of the

8   Defendants, were willful, wanton, malicious, oppressive, and fraudulent and were done with the

9   intent and design to injure Plaintiffs.  Plaintiffs therefore, is entitled to punitive and exemplary

10   damages against Defendants in an amount subject to proof at time of trial and sufficient to punish

11   and make an example of Defendants pursuant to 15 USC § 1681n(a)(2).

12

13

14   **COUNT VII – VIOLATION OF CALIFORNIA IDENTITY THEFT AND PRIVACY**

15   **RIGHTS, STATUTES, CAL. CIV. CODE §§ 1798, et seq.; 1798.92, et. seq.; CAL. PEN.**

16   **CODE § 530, et. seq.**

17   **As to Defendants, Senior, and DOES 1-20**

18

19        91.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth

20   in paragraphs 1 through 78 inclusive, as though fully set forth herein.

21        92.    Plaintiffs are "Victim of Identity Theft" as defined by Cal. Civ. Code § 1798.92(d).

22        93.    Defendants, DOES 1-20, are Consumer Reporting Agencies.

23        94.    Defendant, Senior has engaged in "Identity Theft" of Plaintiff, DL's "Personal

24   Identifying Information" as defined by Cal. Civ. Code §§ 1798.92(b) and (c).

25        95.    Plaintiffs have informed Defendants, alerted defendants and demanded defendants to

26   cease and desist the use of Plaintiff, DL's "true name" and personal identifying information, to

27   generate, negative and derogatory credit report.

28        96.    Plaintiffs have complied with the requirements of Federal Credit Reporting Act, and

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1    demanded Defendants, to refrain from using and reporting Plaintiff, DL's "true name" and personal

2    identifying information as information attributed to Defendant, Senior and cease and desist

3    reporting, publishing, and disseminating the false and fraudulent negative credit information.

4    Defendants and each of them has refused and continues to refuse to so act.

5          97.     As a result, immediate court's intervention and issuance of a restraining order,

6    Preliminary and Permanent injunctions are necessary to preserve and protect in further damage to

7    Plaintiff, DL's "true name" and his personal identification and to prevent further fraud on the

8    general public by Defendant, Senior, which will cause irreplaceable injuries to Plaintiffs, creditors,

9    claimants, and the general public.

10         98.     As the direct and approximate cause of Defendant, Senior's actions and omissions,

11   Plaintiffs have sustained damages in excess of $500,000 or according to proof at trial.

12         99.     At all times mentioned herein, the wrongful acts, conduct and omissions of the

13   Defendants, were willful, wanton, malicious, oppressive, and fraudulent and were done with the

14   intent and design to injure Plaintiffs.  Plaintiffs therefore, is entitled to punitive and exemplary

15   damages against Defendants in an amount subject to proof at time of trial and sufficient to punish

16   and make an example of Defendants pursuant to California Civil Code Section 3294.

17

18                                **PRAYER FOR RELIEF**

19         WHEREFORE, Plaintiff, DL and Holly respectfully pray that this Court find for Plaintiff,

20   DL and Holly on all Counts herein, enter judgment in their favor and against Defendant, Senior on

21   all Counts, and that the Court specifically:

22

23         A.    Award Plaintiff, DL and Holly all damages that is in excess of $500,000 or

24               according to proof at trial;

25         B.    Award Plaintiff, DL and Holly restitution that is in excess of $500,000 or according

26               to proof at trial;

27         C.    Award Plaintiff, DL and Holly their attorney's fee and legal costs;

28

Law Offices Of Roger. E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

D.     Award Plaintiff, DL and Holly their statutory attorney's fee and legal costs, as provided under FCRA, California Identity Theft and Privacy statutes;

E.     Issue a declaratory judgment, preliminary, and permanent in junctions, forever enjoining Defendant, Senior from using "true name" and identifying information of Plaintiff, DL, his social security number, his date of birth, his employment history, his business relationship, his banking information, bank accounts, his former addresses, his credit information, and any other personal and private information in any way or form whatsoever;

F.     Issue a declaratory judgment, preliminary, and permanent injunctions, forever enjoining Defendants, Senior, and DOES 1-20 from reporting any adverse credit information that was obtained by Defendant, Senior using the "true name" and identifying information of Plaintiff, DL, his social security number, his date of birth, his employment history, his business relationship, his banking information, bank accounts, his former addresses, his credit information, and any other personal and private information;

G.     Issue a declaratory judgment, preliminary, and permanent injunctions, declaring that Plaintiff, Dl has NO obligation to pay any of the demand, invoices and/or request for payments from any creditors who had extended credit and/or provided goods and services to Defendant, Senior, under the "true name" and identity of Plaintiff, DL. Preliminary and Permanent Injunctions should issue to enjoin Defendant, Senior, creditors, credit agencies, and others from ever granting or extending credit to Defendant, Senior, using "true name" and identity of Plaintiff DL.

H.     Issue a declaratory judgment, preliminary, and permanent injunctions, declaring that Defendant, Senior has violated Plaintiff's inalienable privacy rights, rights to their identifying information, personal and property rights granted under the United States and California Constitutions. Preliminary and Permanent Injunctions should issue to enjoin Defendant, Senior, creditors, credit agencies, and others from collecting any

Law Offices Of Roger E.Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

1    money that may be due from Defendant, Senior, using "true name" and identity of

2    Plaintiff, DL.

3    I.   Issue a declaratory judgment, preliminary, and permanent, injunction, declaration

4         that the criminal judgment entered on January 9, 2015, and signed on January 14,

5         2015, is against Defendant, Dewayne Keith Long, Sr., and that any and all

6         confinements, restitutions, fees, penalties due and payable under the criminal

7         judgment is/are due and payable and obligations of Defendant, Dewayne Keith

8         Long, Sr., that any and all records reflecting the name Dewayne Keith Long, in the

9         Criminal Action, be corrected to reflect Defendant, Dewayne Keith Long, Sr., and

10        his true name.

11   J.   Issue a declaratory judgment, preliminary, and permanent injunction, declaration,

12        that Defendant, Senior has reported and represented to various reporting agencies

13        that the name "Dewayne Keith Long, Sr." as a deceased person.  There should be a

14        declaratory relief, declaring, "Dewayne Keith Long, Sr." as alive and Defendant,

15        Senior be required to use his true name of "Dewayne Keith Long, Sr." for the

16        remainder of his actual life.

17   K.   Award to Plaintiffs their costs, disbursements, restitutions, and attorney's fees as

18        provided under California Identity Theft and Privacy rights' statute, Cal. Civ. Code

19        §§ 1798, et. set., 1798.92, et. seq., Cal. Pen. Code § 530, Fair Credit Reporting Act,

20        15 U.S.C. § 1681, et. seq.; Cal. Civ. Code §1798.93;

21   L.   Award to Plaintiffs their actual damages that is believed to be in excess of $500,000,

22        or according to proof as set forth under 15 USC § 1681n(a)(1) (A) and (B); 15 USC

23        § 1681o(a);

24   M.   Award Plaintiffs their actual attorney's fees as set forth under 15 USC §§

25        1681n(a)(1)(C) , (a)(3), and (c); 15 USC § 1681o(b); Cal. Civ. Code § 1798.93(c)(5)

26   N.   Award to Plaintiffs Civil Penalty as set forth under 15 USC § 1681n(b); Cal. Civ.

27        Code §1798.93(c)(6);

28

O.   Award to Plaintiffs all damages and injunctive relief pursuant to Cal. Civ. Code § 1798.93;

P.   Award to Plaintiffs punitive damages as set forth under 15 USC § 1681n(a)(2);

Q.   Award to Plaintiffs exemplary and punitive damages;

R.   Award such other and further relief as the Court deems just and proper; and

S.   Plaintiffs demand jury trial.

Respectfully Submitted.

LAW OFFICES OF ROGER E. NAGHASH

**Dated this 25th day of June 2015**

By: _____

Roger E. Naghash, Esq.
Attorney for Plaintiffs
**DEWAYNE KEITH LONG, JR., and
HOLLY L. LONG**

Law Offices Of Roger E. Naghash
19900 MacArthur Boulevard, Suite 1150
Irvine, California 92612-8433
Telephone (714) 955-1000

*Exhibit A*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA

        Plaintiff,

vs.

DEWAYNE K. LONG

        Defendant.

CASE NUMBER: 8:13CR347-002

USM Number: 03942-030

CLARENCE E. MOCK
DEFENDANT'S ATTORNEY

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

THE DEFENDANT pleaded guilty to count I of the Indictment on October 9, 2014.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:286 - CONSPIRACY TO DEFRAUD GOVERNMENT | March 20, 2010 | I |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts II through X of the Indictment are dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
January 09, 2015

s/Joseph F. Bataillon
Senior United States District Judge

January 14, 2015

Defendant: DEWAYNE K. LONG                                              Page 2 of 6
Case Number: 8:13CR347-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day.

The Court makes the following recommendations to the Bureau of Prisons:

    1. That the defendant be incarcerated in a federal facility as close to Omaha, NE as possible. The court suggests FPC Yankton, SD.

    (X)       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, as notified by the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____,
20___.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____,
20_____ to _____, with a certified copy of this
judgment.

_____
UNITED STATES WARDEN

BY: _____

**NOTE:** The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day
of _____, 20____.

_____
UNITED STATES WARDEN

BY: _____

2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.   The defendant shall support his or her dependents and meet other family responsibilities;
5.   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

3

8:13-cr-00347-JFB-FG3  Doc # 85  Filed: 01/14/15  Page 4 of 6 - Page ID # 321

Defendant: DEWAYNE K. LONG                                                      Page 4 of 6
Case Number: 8:13CR347-002

12.  The defendant shall not enter into any agreement to act as an informer or a special
     agent of a law enforcement agency without the permission of the court;

13.  As directed by the probation officer, the defendant shall notify third parties of risks that
     may be occasioned by the defendant's criminal record or personal history or
     characteristics and shall permit the probation officer to make such notifications and to
     confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall cooperate in the collection of DNA as directed by the probation
    officer, pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005, and the Adam
    Walsh Child Protection and Safety Act of 2006, if such sample was not collected during
    imprisonment.

2.  The defendant shall complete 150 hours of community service as approved and
    directed by the probation officer. The defendant shall be responsible for providing the
    probation officer with written proof of the number of hours completed.

3.  The defendant shall pay restitution in the amount of $920,954.00 to the Clerk of the U.S.
    District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322.
    Restitution shall be paid in accordance with the schedule set forth in the "Schedule of
    Payments" set forth in this judgment. The defendant shall be responsible for providing
    proof of payment to the probation officer as directed.

4.  The defendant is prohibited from incurring new credit charges or opening additional lines
    of credit without prior written approval of the probation officer.

5.  The defendant shall provide the probation officer with access to any requested financial
    information.

6.  The defendant shall submit his or her person, residence, office, or vehicle to a search
    conducted by a United States Probation Officer at any time; failure to submit to a search
    may be grounds for revocation; the defendant shall warn any other residents that the
    premises may be subject to searches pursuant to this condition.

7.  The requirement of 18 U.S.C. § 3583(d) regarding drug testing within fifteen (15) days of
    release on supervised release and at least two (2) periodic drug tests thereafter, is
    suspended until further order of the Court because the Presentence Investigation Report
    on the defendant and other reliable sentencing information indicates a low risk of future
    substance abuse by the defendant.

8.  The defendant shall report to the Supervision Unit of the U.S. Probation Office for the
    District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th
    Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of
    being placed on probation or release from confinement and, thereafter, as directed by
    the probation officer.

4

Defendant: DEWAYNE K. LONG                                              Page 5 of 6
Case Number: 8:13CR347-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | $920,954.00 |

### FINE

No fine imposed.

### RESTITUTION

Restitution in the amount of **$920,954.00** hereby ordered. The defendant shall make restitution to the following payees in the amounts listed below. The defendant is jointly and severally liable for IRS loss with co-defendant Leslie A. Schulz in case 8:13cr347and with Melanie Ferreira under Southern District of New York Docket No. 7:13CR513.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Internal Revenue Services | 440,924.00 | 440,924.00 | |
| Sally Schueren | 100,000.00 | 100,000.00 | |
| Dr. Ross Dies | 300,000.00 | 300,000.00 | |
| David Dies | 80,030.00 | 80,030.00 | |
| Totals | $920,954.00 | $920,954.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

### SCHEDULE OF PAYMENTS

**The defendant shall pay the special assessment in the amount of $100.00 immediately.**

The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program. Using such

8:13-cr-00347-JFB-FG3   Doc # 85   Filed: 01/14/15   Page 6 of 6 - Page ID # 323

Defendant: DEWAYNE K. LONG                                                     Page 6 of 6
Case Number: 8:13CR347-002

Program, the defendant shall pay 50% of the available inmate institutional funds per quarter
towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make
payments to satisfy the criminal monetary penalty in the following manner: (a) monthly
installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first
payment shall commence 30 days following the defendant's discharge from incarceration, and
continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be
responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the
following order of priority: special assessment; restitution; fine; and other penalties. Unless
otherwise specifically ordered, all criminal monetary penalty payments, except those payments
made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be
made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue
on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S.
18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal
monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic
circumstances affecting the ability to make monthly installments, or increase the monthly
payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is
necessary to liquidate and apply the proceeds of such property as full or partial payment of the
criminal monetary penalty.

Restitution for the IRS loss is hereby ordered jointly and severally with: Leslie Schulz,
Case Number 8:13cr347, and Melanie Ferreira, under Southern District of New York
Docket No. 7:13CR513 in the amount of $440,924.00.

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk

6

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEWAYNE KEITH LONG, JR., HOLLY L. LONG, | DEWAYNE KEITH LONG, SR. |

| | |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff   Orange, California<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Omaha, Nebraska<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Law Offices Of Roger E. Naghash<br>19900 MacArthur Blvd., Suite 1150<br>Irvine, California 92612-8433 - (949) 955-1000 | Attorneys *(If Known)*<br>Dewayne Keith Long, Sr. - In pro per<br>4726 N. 167th Avenue<br>Omaha, Nebraska 68116 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes<br><br>RECEIVED<br><br>JUL 6 - 2015<br><br>CLERK<br>U.S. DISTRICT COURT<br>OMAHA |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1681; 28 U.S.C. §1331; 28 U.S.C. §2201; 28 U.S.C. §1332; 28 U.S.C. §1367(a)

Brief description of cause:
Father in position of trust has assumed his son's identity and incurred civil and criminal liabilities.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
500,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE Hon. Joseph E. Bataillon, Senior US D J   DOCKET NUMBER 8:13-CR-347-002

DATE
07/01/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |