IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEWAYNE KEITH LONG, JR., AND HOLLY L. LONG,<br><br>          Plaintiffs,<br><br>    vs.<br><br>DEWAYNE KEITH LONG, SR., AND DOES 1 THROUGH 100, Inclusive;<br><br>          Defendants. | 8:15CV243<br><br>MEMORANDUM AND ORDER |

      The defendant has moved to correct the record to reflect that his name is Dewayne Keith Long, and not Dewayne Keith Long, Sr.  He claims he has never used "Sr." as part of his legal name, the complaint misnames the defendant, and the court lacks personal jurisdiction over him.  (Filing No. 8).

      "Sr." is a generational suffix used to distinguish persons who share the same name within a family.  Although often used for clarity, it is neither correct nor incorrect to add a generational suffix to legal documents. See, e.g., RM 10212.001 Defining the Legal Name for an SSN, at https://secure.ssa.gov/poms.nsf/lnx/0110212001 ("Whether the . . . suffix is included, omitted or incorrectly shown on evidentiary documents submitted with an SS-5 (Application for a Social Security number Card) does not matter.").  In pleadings filed with the court, the question is whether the plaintiff's complaint clearly identifies the parties.  Even a fictitious (but unknown) name can be used if the complaint raises "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery."  Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

      Plaintiff's complaint clearly names Plaintiff's father as the defendant.  The suffix, "Sr." does not misidentify the defendant by using the wrong legal name:  It clarifies

which of two persons with the same legal name is the plaintiff, and which is the defendant. The defendant responded to the complaint by filing an answer and admitting he is the plaintiff's biological father. (Filing No. 3, at CM/ECF p. 3, ¶ 30). There is no merit to Defendant's claim that this court lacks jurisdiction over Defendant's person because the complaint uses the suffix, "Sr." when naming the defendant.

Defendant further requests that the deadline to meet, confer, and jointly prepare a Rule 26(f) report be continued until the defendant is released from prison. (Filing No. 9). The court has already granted this relief. It has entered an order withdrawing the parties' obligation to meet and confer, and it has entered a Final Progression Order without a Rule 26(f) report.

Accordingly,

IT IS ORDERED:

1) Defendant's motion, (Filing No. 8), is denied on the merits.

2) Defendant's motion, (Filing No. 9), is denied a moot.

September 22, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.